UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.** |
| **LOUIS VINAGRO, JR.,** | ) | |
| **Defendant.** | ) | CA 07 264 S |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, and acting at the request of the Administrator of the Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action under Sections 107 and 113(b) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9607 and 9613(b). The United States seeks to recover costs incurred and to be incurred in conducting actions in response to the release or threatened release of hazardous substances at or from the Green Hill Road Superfund Site (the "Site") which is located in Johnston, Rhode Island.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C.§ 9613(b), and 28 U.S.C. § 1391, because the claims arose in this district, the property that is the subject of the action is situated in this district, and the release or threatened release of hazardous substances occurred in this district.

## DEFENDANTS

4. Defendant Louis Vinagro Jr. is an individual who is a resident of the State of Rhode Island.

5. Louis Vinagro, Jr. (the "Defendant") is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## THE STATUTORY SCHEME

6. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

7. Under Section 104(a)(1) of CERCLA, as amended,

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B)

> there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

42 U.S.C. § 9604(a)(1).

8. For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority.

9. Section 107(a) of CERCLA provides in pertinent part:

> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . .
>
> * * *
>
> from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for--
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan; . . .

42 U.S.C. § 9607(a).

**GENERAL ALLEGATIONS**

10. The Site comprises the property adjacent to Green Hill Road in Johnston, Rhode

Island, and consists of approximately 21 acres. The Site includes the parcel depicted on Town of Johnston Tax Assessor's Office Map as No. Plat 31, Lot 37 (the "Property").

11. Defendant is the current owner of the Property which comprises the Site.

12. In 1992, Defendant purchased the Property.

13. On July 16, 2003, the Town of Johnston, Rhode Island issued a Collectors Deed for the Property to Benedetto Gambino, pursuant to Rhode Island General Law (R.I.G.L.) 44-9-12.

14. On June 29, 2004, Benedetto Gambino assigned his title to the Property to Joseph Ruggiero, via quitclaim deed.

15. On December 2, 2005, Defendant purchased Ruggiero's title to the Property, via quitclaim deed.

16. Approximately three-fourths of the Site was used to deposit screened and grinded construction and demolition debris (waste material) generated by New England Ecological Development, Inc., a corporation for which Defendant is the sole shareholder, director and officer. The Site is covered in large part by this waste material. At the time of response actions it was believed that in excess of one million cubic yards of material was present at the Site (hereinafter referenced as the "waste pile").

17. The waste pile began to smolder and burn beneath the surface. Recurring surface and subsurface fires emanating from "hot spots" within the smoldering pile of debris at the Site discharged toxic substances into the atmosphere. Included among the toxic substances discharged are known or suspected human carcinogens: Acetaldehyde, 1,3-butadiene, acetonitrile, benzene, chloromethane, chloroform, vinyl chloride, acrylonitrile, 1,2-

dichloroethane, and 1,2-dichloropropane. Several of the toxins emitted from the Site during fires, namely, 1,3-butadiene, benzene, chloromethane, and acrolein, were emitted at levels such that they may trigger immediate and acute human health effects, including harm to a developing fetus, neurological and immunological harm, and ocular and respiratory irritation.

18. Several of the toxic substances, including those noted in paragraph 17, discharged and released into the environment at or from the Site are "hazardous substances" as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), and listed in 40 C.F.R. § 302.4.

19. In October 2002, because of recurring fires and releases of hazardous substances into the air from the waste pile at the Site, the Johnston Fire Department and the Rhode Island Department of Environmental Management requested EPA's assistance in responding to and suppressing these fires and the subsurface hot spots within the waste pile at the Site.

20. In October 2002, EPA requested Mr. Vinagro's consent to EPA's proposed entry onto the Property for the purpose of conducting necessary response actions. Mr. Vinagro declined to give such consent.

21. On November 22, 2002, this Court issued a Warrant authorizing EPA, with any necessary assistance from the United States Marshal, the Rhode Island State Police, and the Johnston Police Department, to enter the Property for up to 120 days, as EPA requested, to conduct response actions at the Site consistent with Sections 104(a), 104(b), and 104(e) of CERCLA, 42 U.S.C. §§ 9604(a), 9604(b), and 9604(e). <u>In the Matter of Vinagro Green Hill Road Property</u>, No. 1:02M156M.

22. EPA's initial 120-day response actions at the Site did not succeed in extinguishing all subsurface hot spots in the waste pile at the Site, and the Site remained an imminent threat to

human health and the environment. On March 13, 2003, the Court granted the United States' request for an extension of the warrant authority for EPA to continue its response actions at the Site until 11:00 P.M. on Friday, August 15, 2003. In the Matter of Vinagro Green Hill Road Property, No. 1:02M156M. On August 5, 2003, the Court granted access through March 31, 2004. In the Matter of Vinagro Green Hill Road Property, No. 1:03cv00314ML. In March 2004, the United States sought, and on March 26, 2004, the Court granted access through September 30, 2004. In the Matter of Vinagro Green Hill Road Property, No. 1:04cv0490ML.

23. Pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, EPA has taken actions in "response," as defined in 42 U.S.C. § 9601(25), to releases or threatened releases of hazardous substances at or from the Site. These response actions have included, without limitation, creating protective fire walls, extinguishing burning or smoldering portions of the waste, capping the Site with non combustible material, and monitoring.

24. In or about April 2003, EPA sent Defendant a notice of potential liability.

25. In or about January, 2007, EPA sent Defendant a demand for reimbursement of response costs incurred by the United States in connection with the Site.

26. To date, the United States has not received reimbursement of any Site-related response costs from Defendant, or from any other person.

## CLAIM FOR RELIEF

### RESPONSE COSTS UNDER CERCLA SECTION 107(a)

27. Paragraphs 1-26, inclusive, are realleged and incorporated herein by reference.

28. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

29. There has been a "release" or threatened "release," within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of a "hazardous substance," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), from the Site.

30. As a result of the "release" or threatened "release" of "hazardous substances" from the Site, the United States has taken a "response" actions and has incurred "response" costs within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

31. The "response" actions taken by the United States and the "response" costs incurred by the United States in connection with the Site are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan (a/k/a "national contingency plan"), promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

32. The Defendant is a person who is the "owner" of a "facility" from which there is a "release", or a threatened "release" of "hazardous substances" which caused the incurrence of "response" costs. Therefore, the Defendant is jointly and severally liable to the United States, under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), for all costs incurred or to be incurred by the United States in "response" to the "release" or threatened "release" of "hazardous substances" at or from the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, prays that the Court:

1. Enter judgment against the Defendant, Louis Vinagro Jr., jointly and severally, and in favor of the United States, for all response costs incurred and to be incurred by the United States in connection with the Site, plus interest;

2. Award the United States the costs of bringing this action; and

3. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

BRUCE GELBER
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

RACHEL HANKEY
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
P.O. Box 7611, Ben Franklin Station
U.S. Department of Justice
Washington, D.C. 20044
(202) 514-4454

ROBERT CLARK CORRENTE
United States Attorney
District of Rhode Island

DULCE DONOVAN
Assistant United States Attorney
Fleet Center

50 Kennedy Plaza, 8th Floor
Providence, RI 02903

OF COUNSEL:

GREG DAIN
STEVEN SCHLANG
Senior Enforcement Counsel
U.S. Environmental Protection Agency
Region I
One Congress Street
Boston, MA 02114
(617) 918-1777