UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | C.A. No. 07-264S |
| | : | |
| LOUIS VINAGRO, JR. | : | |

**ANSWER**

**NATURE OF THE ACTION**

1. States a legal conclusion to which no response is required.

**JURISDICTION AND VENUE**

2. States a legal conclusion to which no response is required.

3. States a legal conclusion to which no response is required.

**DEFENDANTS**

4. Admitted.

5. States a legal conclusion or statement of law to which no response is required.

**THE STATUTORY SCHEME**

6. States a legal conclusion to which no response is required.

7. States a legal conclusion to which no response is required.

8. States a legal conclusion to which no response is required.

9. States a legal conclusion to which no response is required.

**GENERAL ALLEGATIONS**

10. Admitted.

11. Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Plaintiff's Complaint.

12. Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

13. Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

14. Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Plaintiff's Complaint.

15. Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

16. Denied.

17. Denied.

18. States a legal conclusion to which no response is required.

19. Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Plaintiff's Complaint.

20. Admitted.

21. Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Plaintiff's Complaint.

22. Denied with respect to the allegation that the Site posed any imminent threat to the human wealth or environment. Without sufficient knowledge or information to form a belief as to the truth of the additional allegations set forth in Paragraph 22 of the Plaintiff's Complaint.

23. States a legal conclusion to which no response is required.

24. Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Plaintiff's Complaint.

25. Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Plaintiff's Complaint.

26. Without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Plaintiff's Complaint.

## CLAIM FOR RELIEF

RESPONSE COSTS UNDER CERCLA SECTION 107(a)

27. States a legal conclusion to which no response is required.

28. States a legal conclusion to which no response is required.

29. States a legal conclusion to which no response is required.

30. States a legal conclusion to which no response is required.

31. States a legal conclusion to which no response is required.

32. States a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

33. Defendant asserts the affirmative defense of statute of limitations.

34. Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted.

35. Defendant asserts the affirmative defense contained in 42 U.S.C § 9607(b)(3). Namely, that the alleged release or threat of release of a hazardous substance and the alleged damages resulting therefrom were caused solely by "an act or omission of a third party other than an employee or agent of the defendant, [and] than one whose act or omission occur[ed] in connection with a contractual relationship, existing directly or indirectly, with the defendant." 42 U.S.C § 9607(b)(3).

**WHEREFORE**, Defendant demands that judgment enter in his favor and that the be awarded fees and costs.

LOUIS A. VINAGRO
By his Attorneys,

**PANNONE, LOPES & DEVEREAUX LLC**

/s/William P. Devereaux
William P. Devereaux (#2241)
317 Iron Horse Way, Suite 301
Providence, RI 02908
(401) 824-5100
(401) 824-5123 (fax)
wdevereaux@pld-law.com

**CERTIFICATION**

I hereby certify on this 15th day of November, 2007 this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Rachel Hankey
Trial Attorney
Environmental Enforcement Section
Enfironment and Natural Resources Division
PO Box 7611, Ben Franklin Station
U.S. Department of Justice
Washington, DC 20044

/s/ William P. Devereaux

#7517