**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 07-264S** |
| **LOUIS VINAGRO, JR.,** | |
| **Defendant.** | |

STIPULATION AND PROTECTIVE ORDER REGARDING POTENTIAL CONFIDENTIAL BUSINESS INFORMATION OF EPA CONTRACTORS

Plaintiff, United States of America, on behalf of the United States Environmental Protection Agency ("EPA") and Defendant Louis Vinagro, Jr.. ("Defendant") hereby stipulate that discovery in this case will involve, but not be limited to, the production of documents that have been submitted to EPA by various contractors (hereinafter "submitter(s)") containing certain information that may be entitled to confidential treatment. In view of this stipulation, the Court finds that good cause exists for issuance of an order permitting limited disclosure of such information. Pursuant to Rule 26(c), Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit the documents containing information that may be entitled to confidential treatment to the Defendant and such documents shall be handled in accordance with the terms of this Stipulation and Protective Order ("Protective Order").

2. As used in this Protective Order, the term "confidential information" means trade secrets or commercial or financial information submitted by a person to Plaintiff and that may

be entitled to confidential treatment under 40 CFR Part 2 Subpart B. To date, under its procedures EPA has not made any determination about whether such information is entitled to confidential treatment under 40 CFR Part 2 Subpart B.

3. Any information to be produced by the Plaintiff pursuant to this Protective Order shall be marked with the words: "CONFIDENTIAL BUSINESS INFORMATION." The transmittal of information designated as confidential business information shall be done by letter or electronic transmission stating that the information designated as confidential business information is subject to this Protective Order.

4. Information designated as confidential information under this Protective Order shall not be used or disclosed by Defendant, or any other person subject to Paragraph 7 below, for any purpose other than for the preparation for, and trial of, this action and any appeal therein.

5. The Defendant and its counsel who obtain information designated as confidential information hereunder, and any nonparty subject to this Protective Order, shall not disclose or permit disclosure of this information to any other person, including without limitation any officer, director, employee, agent, or representative of Defendant, Defendant's counsel, or any nonparty, except in the following circumstances:

a. Disclosure may be made to counsel or to employees of Defendant or Defendant's counsel who have responsibility for the preparation and trial of this action or any appeal therein. Any counsel or employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Protective Order prior to such disclosure by executing the Confidentiality Agreement in the form annexed hereto (Annex 1). Employees do not include persons, firms or corporations engaged by Defendant or Defendant's Counsel on a contract basis, who shall be subject to the requirements of subparagraph (b) of this Paragraph.

b. Disclosure may be made to consultants, witnesses, experts, or employees of experts ("Experts") employed or otherwise engaged by Defendant or Defendant's counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any Expert, the Expert must agree to be bound by the terms of this Protective Order by executing the Confidentiality Agreement in the form annexed hereto (Annex 1). A copy of each executed Confidentiality Agreement shall be furnished to the Plaintiff and to the submitter of such information not less than five (5) business days prior to disclosure to the Expert.

6. Defendant, Defendant's counsel, and any other person subject to this Protective Order who obtains information designated as confidential information hereunder, shall take all necessary and appropriate measures to maintain the confidentiality of the information, shall share such information only with persons authorized to receive it pursuant to this Protective Order, and shall retain the information in a secure manner. Except as provided in Paragraph 5 above, no other person shall be permitted access to the information.

7. Any person who obtains access to information designated as confidential information under this Protective Order may make copies, duplicates, extracts, summaries, or descriptions of the information or any portion thereof only for the purpose of preparation for settlement or litigation in this matter. All copies, duplicates, extracts, summaries or descriptions shall be subject to the terms of this Protective Order to the same extent and manner as original documents.

8. Any information designated as confidential information under this Protective Order that is filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, an indication of the nature of

the contents of such sealed envelope or container, the word "CONFIDENTIAL", and a statement substantially in the following form:

"This envelope contains documents that are subject to a protective order in this case, and shall not be opened except by order of the Court or consent of the United States."

In addition, if documents containing confidential information have been sealed and filed with the Court, the submitter of such information shall be informed of this by the filing party at the time of filing.

9. Any document marked as confidential business information cannot be used during the course of a deposition unless the portions of the transcript containing references to the document, and the exhibit containing the document are sealed.

10. Any unauthorized disclosure of confidential information under this Protective Order shall not result in a waiver of any submitter's claim of confidentiality.

11. No person who has agreed to be bound by this Protective Order as demonstrated by his or her execution of Exhibit A hereto or an agreement to that effect substantially in the form of Exhibit A, shall make use of any information designated as confidential business information other than solely and exclusively in connection with this Action.

12. Within 60 days, or another reasonable time period agreed upon by the parties, after termination of this action by judgement, settlement or otherwise, or as may be determined by the Court:

a. Any person who obtained information designated as confidential information hereunder shall assemble and return such information to Plaintiff, including all copies, duplicates, extracts, summaries, or descriptions of the information or portions thereof. Such return shall be certified in writing by the person who obtained the information from EPA. All

such information covered by this Protective Order that constitutes the work product of defense counsel need not be returned to Plaintiff, but shall be kept confidential pursuant to the terms of this Protective Order; and,

b. The Clerk of the Court shall maintain under seal all papers filed under seal until the Court orders otherwise.

13. Before filing any motion with the Court regarding matters addressed by this Order, the parties will meet and confer in a good faith attempt to resolve such disputes.

So Ordered this 4th day of Feb, 2008.

United States District Judge