**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 07-264S** |
| **LOUIS VINAGRO, JR.,** | ) | |
| **Defendant.** | ) | |

**JOINT MOTION**
**TO ENTER ORDER STAYING ALL DISCOVERY PROCEEDINGS**[1/]

***Introduction***

The United States and Louis Vinagro Jr. have been in settlement discussions for several months and agree that it is in their best interests to resolve the claims and issues as to each other as soon as practicable, without unnecessary litigation expense, delay, and uncertainty. The parties appear to have reached an agreement in principle and continuing dialogue between the parties has evinced a reasonable likelihood that they will reach a final negotiated settlement soon; however, negotiating a consent decree may take some time. Continuing with the remaining discovery and hearing in this matter would cause undue expense and waste the Court's time.

Accordingly, the Parties hereby jointly move this Court to stay all discovery and impending

[1/] Local Rule 7.1 does not require a memorandum for motions to extend discovery deadlines, for this reason the United States has incorporated the reasons and basis in the motion.

hearings, and filings in this proceeding, subject to either Party's unilateral right to terminate the stay by filing and serving notice. For the reasons set forth below, this proposed partial stay is reasonable and supported by good cause and will serve the interests of judicial economy.

***The Proposed Stay***

As described in the Stipulated Order submitted simultaneously with this motion, the parties ask that all remaining deadlines as set forth in the court's March 10, 2008 order be stayed. If negotiations fail to resolve this action, the parties desire to be able to resume the litigation process expeditiously through the unilateral termination of the stay. Either Party can file a request with the Court to lift the stay and reset impending deadlines.

***Argument***

**I. The Court Has Broad Discretion to Stay Proceedings**

The Court has broad discretion to stay proceedings as part of its inherent power to control its own docket. Case management is an area in which the district court has "considerable" discretion. United States v. Charles George Trucking, Inc., et al., 34 F. 3d. 1081, 1090 ( 1st Cir. 1994) (citing Geremia v. First Nat'l Bank, 653 F.2d 1,5 (1st Cir. 1981). Consequently, trial courts have broad discretion to modify preexisting case management orders to facilitate settlements, at least in absence of unfair prejudice. Id. at 1090 (citing 6A Charles A. Wright, *Federal Practice and Procedure* § 1525.1, pp. 253-54(1990); See also Wisland v. Admiral Beverage Corp., 119 F. 3d 733, 737 (8th Cir. 1997). See also Fed. R. Civ. P. 16(b) (pre-trial schedule can be modified upon showing of good cause). Courts have long recognized the benefit of negotiated resolutions to litigation.

**II. A Stay At This Stage of the Litigation Is Appropriate**

The parties appear to have reached an agreement in principle, although the details of the settlement remain to be negotiated, both Parties believe that a final settlement will be reached soon. However, with the impending deadlines, the Parties believe that they cannot vigorously litigate and pursue the settlement of this complex case, as between them, simultaneously. Moreover, absent a stay, the Parties will be obliged to needlessly incur tremendous litigation expense by pursuing additional discovery, including expert discovery which is time consuming and expensive, additional motion practice. As indicated, the Parties believe that they have are close to settling their claims against each other, and that neither would benefit by engaging in such costly pre-trial activities.

WHEREFORE, the Court should grant this motion and enter the Stipulated Order Staying All Proceedings as between the United States and Louis Vinagro Jr.

Respectfully Submitted,

August 18, 2008

PLAINTIFF,
By his attorney

_s/Rachel Hankey
RACHEL HANKEY
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC 20044
(202) 514-4454
California Bar # 226325
Rachel.hankey@usdoj.gov

DEFENDANT,
By its attorneys,

s/William E. OGara
WILLIAM E. O'GARA
William E. O'Gara (#4257)
Pannone, Lopes & Devereaux LLC
317 Iron Horse Way, Suite 301
Providence, RI 02908
direct line: (401) 824-5106
facsimile: (401) 824-5123
wdevereaux@pldlaw.com